AO 91 (REV.5/85) Criminal Complaint      *DM 1-11-08*     AUSA Steven A. Block 312-886-7647

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KC **FILED**
JAN 1 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

DUWAYNE ALLEN

**CRIMINAL COMPLAINT**

CASE NUMBER: **08CR 0028**

MAGISTRATE JUDGE DENLOW

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about January 10, 2008, at Oak Park, in the Northern District of Illinois, Eastern Division, DUWAYNE ALLEN, defendant herein,

did, by intimidation, take from the person and presence of another, approximately $2,285 in United States Currency belonging to, and in the care, custody, control, management, and possession of a bank, namely, the Park National Bank at 6011 West North Avenue, Oak Park, Illinois, whose deposits were then insured by the Federal Deposit Insurance Corporation,

in violation of Title 18, United States Code, Section 2113(a). I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

_____
Signature of Complainant
MATTHEW R. ALCOKE
Special Agent, Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

January 11, 2008     at    Chicago, Illinois
Date                                           City and State

MORTON DENLOW, U.S. Magistrate Judge      _____
Name & Title of Judicial Officer                           Signature of Judicial Officer

STATE OF ILLINOIS    )
                     )
COUNTY OF COOK       )

## AFFIDAVIT

I, Matthew R. Alcoke, first being duly sworn, state the following under oath:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed as such for 11 years. I have been assigned to the FBI's Violent Crimes Task Force conducting investigations of bank robberies, kidnappings, extortion and other violent crimes for over 10 years. I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for felony offenses.

2. The information contained in this affidavit is based on my personal knowledge as well as information provided to me by other law enforcement officers. This affidavit is in support of a complaint charging Duwayne ALLEN with bank robbery in violation of Title 18 U.S.C. Section 2113(a). This affidavit does not contain all of the information known to me regarding this investigation, but rather, only those facts I believe necessary to establish probable cause that ALLEN committed the charged offense.

3. On January 10, 2008, a man, later identified as Duwayne ALLEN, walked into the Park National Bank, 6011 West North Avenue, Oak Park, Illinois. ALLEN approached a teller in the "walk-up" area of the bank, which is a small area with a teller station separated from the bank's main lobby. At the time, the main lobby was closed, and only the walk-up area was open. ALLEN initially asked the teller if the bank was open but then walked out of the bank. The teller became suspicious of the man when he walked back into the bank shortly thereafter. ALLEN approached the teller and gave her a hand-written note. The teller could not read the note because the handwriting was poor. When she hesitated, ALLEN demanded that she give him some money. Believing that she was being robbed, the teller produced some cash from her

1

drawer and gave it to ALLEN.

4. ALLEN took the cash and turned to leave the bank. Before ALLEN reached the door, the teller notified the bank's security guard, an off-duty Oak Park Police officer, of the robbery. The officer took note of ALLEN, the robber, as ALLEN ran to and out of the bank's door, and the officer pursued him. During the pursuit, the officer radioed for backup, and because ALLEN was fleeing on foot into nearby Chicago, his call was also relayed to Chicago Police Department officers patrolling only a few blocks away.

5. While following ALLEN, the officer saw ALLEN drop some cash on the street. During the pursuit, the officer lost sight of ALLEN momentarily. Shortly thereafter, the officer regained sight of ALLEN. The officer pointed ALLEN out to some Chicago Police officers who had just joined the pursuit. Those Chicago Police officers took over the pursuit. A moment later, the Chicago Police officers apprehended ALLEN, who had run into the gangway of a residence. When ALLEN was approached and ordered to the ground, ALLEN threw up his hands. In the process, ALLEN tossed a stack of cash onto a nearby porch. While the officers prepared to hand-cuff him, and without having been asked any questions, ALLEN blurted out, "the money's on the porch. I don't got no gun." The Oak Park Police officer came to where ALLEN had been apprehended and confirmed that he was the man who had been in the bank who the officer had been chasing.

6. ALLEN'S demand note, which was left behind after the robbery, was recovered as evidence. The note read, among other things, "I gut a bomd."

7. ALLEN was subsequently interviewed by the FBI at the Oak Park Police Station and waived his *Miranda* rights. ALLEN told the agents, among other things, that he had robbed the Park National Bank.

8. The bank's loss from the robbery was $2285 in United States Currency. I have confirmed that, at the time of the robbery, the deposits of the Park National Bank were insured by

the Federal Deposit Insurance Corporation.

9. Based on the foregoing facts, my training and experience, I believe that there is probable cause to believe that Duwayne ALLEN violated Title 18, United States Code, Section 2113(a).

FURTHER AFFIANT SAYETH NOT.

Matthew R. Alcoke, Special Agent
Federal Bureau of Investigation

SUBSCRIBED TO AND SWORN BEFORE
me this 11th day of January, 2008

MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE