UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 08 CR 28 |
| vs. | ) |
| | ) Judge David H. Coar |
| DUWAYNE ALLEN | ) |

### PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant DUWAYNE ALLEN, and his attorney, PAUL FLYNN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The indictment in this case charges defendant with one count of bank robbery, in violation of Title 18, United States Code, Section 2113(a).

3. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment.

## Factual Basis

6.  Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On January 10, 2008, defendant walked into the Park National Bank, an FDIC insured bank, located at 6011 West North Avenue, Oak Park, Illinois and approached a teller in the "walk-up" area of the bank. Defendant initially asked the teller if the bank was open, and then walked out of the bank. Defendant walked back into the bank a short time later, approached the teller, and gave her a handwritten note. The note read, in essence, "I have a bomb." When the teller hesitated, defendant demanded that she give him some money. The teller produced $2,285 in cash from her drawer and gave it to defendant. Defendant took the cash and turned to leave the bank. Chicago Police officers apprehended defendant in front of a residence near the bank. When officers ordered defendant to the ground, he threw up his hands and tossed a stack of cash from the bank robbery on a nearby porch.

## Maximum Statutory Penalties

7.  Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a.  A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

  b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

  a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

  b. **Offense Level Calculations.**

    i. The base offense level for the charge in the indictment is 20, pursuant to Guideline §2B3.1(a);

    ii. The base offense level is increased by 2 levels because the property of a financial institution was taken, pursuant to Guideline §2B3.1(b)(1);

    iii. The base offense level is increased by 2 levels because defendant threatened the victim teller with death by handing her a note referring to a bomb, pursuant to Guideline §2B3.1(b)(2)(F);

    iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    v. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the

4

government and stipulated below, defendant's criminal history points equal 19 and defendant's criminal history category is VI:

    i.    On or about February 25, 1982, defendant was convicted of theft in the Circuit Court of Cook County and sentenced to three months supervision. Defendant receives 0 criminal history points for this conviction because the sentence was imposed more than ten years prior to the instant offense, pursuant to Guideline §4A1.2(e);

    ii.    On or about December 2, 1982, defendant was convicted of theft in the Circuit Court of Cook County and sentenced to thirty months probation. Defendant receives 0 criminal history points for this conviction because the sentence was imposed more than ten years prior to the instant offense, pursuant to Guideline §4A1.2(e);

    iii.    On or about November 20, 1991, defendant was convicted of manufacture/delivery of a controlled substance in the Circuit Court of Cook County and sentenced to 1 year probation and 26 days in jail. On August 4, 1992, defendant's probation was revoked and he was re-sentenced to forty months in prison. Defendant receives 0 criminal history points for this conviction because his term of incarceration ended more than fifteen years prior to the instant offense, pursuant to Guideline §4A1.2(e);

    iv.    On or about August 4, 1992, defendant was convicted of robbery in the Circuit Court of Cook County and sentenced to forty months in prison. Defendant receives 0 criminal history points for this conviction because his term of incarceration ended more than fifteen years prior to the instant offense, pursuant to Guideline §4A1.2(e);

v.      On or about August 25, 1993, defendant was convicted of possession with intent to distribute cocaine in the Circuit Court of Cook County and sentenced to four years in prison. Defendant receives 3 criminal history points for this conviction, pursuant to Guideline §4A1.1(a);

vi.     On or about September 3, 1996, defendant was convicted of delivery of a controlled substance in the Circuit Court of Cook County and sentenced to eighteen months probation. On or about December 12, 1996, defendant's probation was revoked and he was re-sentenced to three years in prison. Defendant receives 3 criminal history points for this conviction, pursuant to Guideline §4A1.1(a);

vii.    On or about December 17, 1996, defendant was convicted of possession of a controlled substance in the Circuit Court of Cook of Cook County and sentenced to three years in prison. Defendant receives 3 criminal history points for this conviction, pursuant to Guideline §4A1.1(a);

viii.   On or about October 26, 1998, defendant was convicted of theft in the Circuit Court of Cook County and sentenced to three years in prison. Defendant receives 3 criminal history points for this conviction, pursuant to Guideline §4A1.1(a);

ix.     On or about November 18, 2001, defendant was convicted of battery/bodily harm in the Circuit Court of Cook County and sentenced to nineteen days in jail. Defendant receives 1 criminal history point for this conviction, pursuant to Guideline §4A1.1(c);

x. On or about February 19, 2003, defendant was convicted of possession of a controlled substance in the Circuit Court of Cook County and sentenced to 4 years in prison. Defendant receives 3 criminal history points for this conviction, pursuant to Guideline §4A1.1(a);

xi. On or about February 19, 2003, defendant was convicted of manufacture/delivery of a controlled substance and sentenced to 1 year in prison. Defendant receives 2 criminal history points for this conviction, pursuant to Guideline §4A1.1(c);

xii. On or about October 25, 2005, defendant was convicted of domestic battery in the Circuit Court of Cook County and sentenced to eighteen months special probation. Defendant receives 1 criminal history point for this conviction, pursuant to Guideline §4A1.1(c);

xiii. On or about January 4, 2008, defendant was convicted of battery/bodily harm and was sentenced to 14 days in jail. Defendant receives 1 criminal history point for this conviction, pursuant to Guideline §4A1.1(c);

d. **Anticipated Advisory Sentencing Guidelines Range.** Defendant is a career offender, pursuant to Guideline § 4B1.1, because he was at least eighteen years old at the time of the instant offense, the instant offense is a crime of violence, and he has at least two prior felony convictions for a crime of violence or a controlled substance offense. Namely, defendant's September 3, 1996, February 19, 2003 (delivery conviction), and October 25, 2005 convictions are all felony convictions that are either crimes of violence or

controlled substance offenses. The offense statutory maximum for the count to which defendant is pleading guilty is 20 years in prison, pursuant to 18 U.S.C. § 2113(a). Because defendant is a career offender, the offense level is increased to 32, pursuant to Guideline §4B1.1(b). Therefore, based on the facts now known to the government, the anticipated offense level is 29, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelines range of 151 to 188 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

  e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

  f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the

Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10. The government may recommend any sentence at any point within the applicable guideline range.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

13. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall

fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

14. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

15. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient

evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

16. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 28.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

18. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

11

   i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

   ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

   iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

   iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

   v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would

be able to confront those government witnesses and his attorney would be able to cross-examine them.

   vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

   vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

  c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

19. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

20. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

21. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

22. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

23. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

24. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 7/10/08

PATRICK J. FITZGERALD
United States Attorney

DUWAYNE ALLEN
Defendant

STEVEN A. BLOCK
Assistant U.S. Attorney

PAUL FLYNN
Attorney for Defendant

15